IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD MAZZONI, : CIVIL ACTION NO. **3:CV-11-1153**
:
    Plaintiff :
    v. : (Magistrate Judge Blewitt)
:
SCHINDLER ELEVATOR CORPORATION, :
:
    Defendant :

## MEMORANDUM AND ORDER

### I. Background.

On May 3, 2011, Plaintiff Ronald Mazzoni filed a Complaint in the Court of Common Pleas of Lackawanna County, PA, against Defendant Schindler Elevator Corporation. Plaintiff alleged that on September 1, 2009, while he was employed by the Commonwealth of Pennsylvania, and working in the State Office Building located at 100 Lackawanna Avenue, Scranton, PA, he was entering an elevator and the elevator door suddenly and without warning closed upon him. Plaintiff averred that the elevator door closed him with such force that he was severely, seriously and permanently injured. (Doc. 1-2). In Count I of his Complaint, Plaintiff raised a negligence claim against Defendant in which he alleged, in part, that Defendant failed to properly service and maintain the elevator in question and all of its working parts on a regularly scheduled basis.

In Count II of his Complaint, Plaintiff raised a strict liability claim against Defendant pursuant to Section 402a of the Restatement of Torts Second and he alleged that the elevator in question was defective and unreasonably dangerous at the time it was distributed, sold and installed, and that Defendant failed to warn Plaintiff and other users of the defects and dangers of the elevator in question. In Count III of his Complaint, Plaintiff raised a breach of warranty liability claim against

Defendant and alleged that Defendant expressly and impliedly warranted the elevator in question was safe and fit for the purpose for which it was made.

On June 17, 2011, Defendant timely filed a Notice of Removal of this case from Lackawanna County Court to this federal Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Doc. 1). Defendant stated that this federal Court had diversity jurisdiction over this case since Plaintiff was a citizen of Pennsylvania and it was a Delaware corporation.

On July 27, 2012, the Court issued an Order and granted the Pennsylvania State Worker's Insurance Fund's ("SWIF") Motion to Intervene in this case under Fed.R.Civ.P. 24, and directed that SWIF be deemed as a party to this case and be entitled to heard on any matter raised in this case. (Doc. 26).

Subsequently, the parties, including SWIF, consented to proceed before the undersigned for all proceedings, pursuant to 28 U.S.C. §636(c). (Docs. 40, 43, 44 & 46).

On November 1, 2012, Defendant timely filed a Motion In Limine to Preclude Information Regarding Elevators not Involved in the Alleged Incident.[1] **(Doc. 41)**. Defendant moved to preclude at trial any evidence related to service performed on elevators which were not involved in the incident alleged in this case. Defendant simultaneously filed its support brief with Exhibits. (Doc. 42). On December 10, 2012, Plaintiff filed his opposition brief to Defendant's Motion In Limine with Exhibits. (Doc. 52). SWIF did not file any brief with respect to Defendant's Motion In Limine.

---

[1] The deadline for the parties to file Motions in Limine was November 1, 2012. (Doc. 32). Thus, the Court will not permit the filing of any further Motions in Limine.

2

On November 8, 2012, the Court issued an Order and scheduled a hearing in this case for January 28, 2013, with respect to any outstanding Motions in Limine, proposed Jury Instructions, and proposed Special Verdict Interrogatories. (Doc. 47).

On November 8, 2012, the Court also issued an Order and scheduled the jury trial in this case for February 11, 2013. (Doc. 48).

The Court will now consider Defendant's opposed Motion In Limine.

**II. Discussion.**

In *Hampden Real Estate, Inc. v. Metropolitan Management Group*, 2006 WL 709804, *2 (E.D. Pa.), the Court stated:

> When faced with a Motion in Limine, the trial judge must determine the admissibility of evidence before it has been offered, either prior to or during trial. *Delpopolo v. Nemetz*, 710 A.2d 92, 94 (Pa.Super.1990). The court should admit all relevant evidence unless a specific rule bars its admission. *Birth Center v. St. Paul Cos., Inc.*, 727 A.2d 1144, 1163 (Pa.Super.1999). Evidence is "relevant" is it tends to make a fact at issue more or less probable. *Shiner v. Moriarty*, 706 A.2d 1228, 1235 (Pa.Super.1998).

In *Haines v. Davies*, 2009 WL 331433, *1 (M.D. Pa. 2-9-09), the Court stated that under FRE 401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The *Haines* Court also stated:

> Although relevant, the evidence may nonetheless still be inadmissible if the Court finds that evidence of Davies' suicide is unfairly prejudicial and should be excluded under the balancing test of Rule 403. Fed.R.Evid. 403 ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...."). Nonetheless, there is a

3

> preference for admitting all relevant evidence (Fed.R.Evid.402), and the prejudice to Defendant must be not only *substantially* outweighed by the prejudice, but the prejudice must also be *unfair*.

*Id.* at *2.

The Court has read the briefs of the parties and their respective Exhibits. Defendant states that only the evidence regarding the maintenance and repair services for elevator #2 in the Scranton State Office Building is relevant in this case. Plaintiff states that there were only three elevators in the Scranton State Office Building and that all three elevators were fully serviced under a contract with Defendant. Plaintiff also states that it "posits liability upon [Defendant's alleged] failure to maintain, repair, and/or inspect Elevator #2, the car in which [Plaintiff] was [allegedly] injured." (Doc. 52, p. 2). Defendant argues that the records regarding the maintenance and repair services of the two other elevators (*i.e.*, elevators #1 and #3) located in the Scranton State Office Building are not relevant since Plaintiff had no contact with these other two elevators at the relevant time and they are not at issue in this case. Also, as indicated above, Plaintiff limited his three claims in his Complaint to elevator #2 in the Scranton State Office Building. Further, Plaintiff did not allege that he had any contact whatsoever with the other two elevators located in Scranton State Office Building at the time in question. As Plaintiff points and as Defendant concedes, during discovery Plaintiff requested Defendant to produce information regarding the other two elevators located in Scranton State Office Building which were not involved in the incident at issue and, the Court compelled Defendant to produce such information. However, the Court agrees with Defendant that the broad scope of information permitted during the discovery process is clearly distinct from the evidence which is later found to be relevant and admissible at trial.

4

The Court in *Northwest Sav. Bank and Financial Services v. NS First Street LLC*, 2010 WL 2342500, *2 (M.D. Pa. June 8, 2010), stated:

> Rule 26(b) (1) of the Federal Rules of Civil Procedure sets the contours for discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things ...." The rule further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*
>
> It is well-settled that Rule 26 establishes a liberal discovery policy. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Great West Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D.Pa.1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. *Hicks v. Big Bros./Big Sisters of Am.*, 168 F.R.D. 528, 529 (E.D.Pa.1996); *Transcontinental Fertilizer Co. v. Samsung Co.*, 108 F.R.D. 650, 652 (E.D.Pa.1985). Parties are permitted a significant discovery latitude "in order to ensure that the case proceeds with 'the fullest possible knowledge of the issues and facts before trial.'" *Ascenzi v. O'Brien*, No. CV–05–1184, 2008 WL 205235, at *5 (M.D.Pa. Jan. 23, 2008) (quoting *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (Vanaskie, J.).

Defendant contends that the service records for the two elevators (*i.e.*, elevators #1 and #3) which were not involved in the incident at issue are both irrelevant and present the risk of unfair prejudice to Defendant. Also, Defendant points out, its expert witness, Jon Halpern, P.E., opined in his expert report that "None of the reported incidents on any of the other two elevators could have caused or contributed to this incident as the elevator door operation on each of the elevators is fully independent outside of the incoming power, which was not a factor in this matter." (Doc. 42, p. 4). Defendant attached Halpern's expert report as Ex. A to its brief. Defendant additional contends that Plaintiff's expert, James Filippone, P.E., did not dispute

5

Halpern's opinion and did not state that the three elevators were anyway linked together. Defendant attached a copy of Filippone's expert report at Ex. B to its brief.

On the other hand, Plaintiff indicates that Filippone stated in his expert report that "[Defendant's] work tickets for maintenance [on the three elevators] do not indicate which elevator was maintained on which date." Plaintiff also indicates that Filippone then stated that "no one knows how much maintenance, if any, was performed on thee incident date." (Doc. 52, p. 2). Plaintiff also attached a copy of Filippone's expert report at Ex. A to its brief. Plaintiff concludes by stating "[s]ince the core of Plaintiff 's case is negligence in maintaining the elevator, and since the maintenance schedules for elevator #2 [the car whose doors injured Plaintiff ] are inextricably intertwined with those of its companion cars #1 and #3, the maintenance log and schedules for these other care are certainly relevant to the issue of negligent maintenance of elevator #2." (Doc. 52, p. 4).

Even though Defendant correctly states that the door operation for each of the three elevators in the Scranton State Office Building were entirely independent of the others, the Court agrees with Plaintiff and finds that service records regarding the two elevators in the Scranton State Office Building which were not involved in the incident at issue are relevant to Plaintiff 's claims and admissible at trial under FRE 402. Additionally, the Court does not find that allowing into evidence the service records regarding the two elevators in the Scranton State Office Building which were not involved in the incident at issue will mislead the jury and will cause Defendant to face the risk of unfair prejudice. This is especially true as Plaintiff points out "since due to Defendant's own poor record keeping, one cannot [tell] the difference between

6

which exact elevator the maintenance was preformed upon." (Doc. 52, p. 5).

Thus, the Court finds that evidence related to the service records of the two elevators in the Scranton State Office Building which were not involved in the incident should not be precluded at trial under FRE 403.

As such, the Court finds that evidence regarding the maintenance and repair services for all three elevators, #1, #2 and #3, in the Scranton State Office Building is relevant and admissible in this case. *See* F.R.E. 401 & 402.

Accordingly, the Court will deny Defendant's Doc. 41 Motion In Limine.

An appropriate Order will follow.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: January 4, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD MAZZONI, : CIVIL ACTION NO. **3:CV-11-1153**
:
Plaintiff :
v. : (Magistrate Judge Blewitt)
:
SCHINDLER ELEVATOR CORPORATION, :
:
Defendant :

## ORDER

AND NOW, this _7th_ day of **January, 2013, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion In Limine to Preclude Information Regarding Elevators not Involved in the Alleged Incident (**Doc. 41**) is **DENIED.**

2. Plaintiff and Defendant are allowed to present at trial evidence regarding the maintenance and repair services for elevators #1, #2 and #3 in the Scranton State Office Building and, the parties are permitted to offer evidence regarding the maintenance and repair services of all three elevators located in the Scranton State Office Building.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: January 7, 2013